**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**LOS ANGELES LEGAL SOLUTIONS, APLC**
F. Jay Rahimi, Esq. (305286)
jay@LALSLaw.com
7136 Haskell Avenue, Suite 333
Van Nuys, CA 91406
Telephone: (818) 510-0555
Facsimile: (818) 510-0590

*Attorneys for Plaintiff,*
Shuthima Pongsai

**NOTES CHANGES MADE BY COURT ON PAGE 14**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**SHUTHIMA PONGSAI,**

Plaintiff,

**v.**

**AMERICAN EXPRESS COMPANY; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC,**

Defendants.

**Case No.:** SA CV 19-1628 DOC (JDEx)

**FINAL PRETRIAL CONFERENCE ORDER**

**HONORABLE DAVID O. CARTER**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# TABLE OF CONTENTS

Page

I. THE PARTIES ..... 1
A. Plaintiff ..... 1
B. Defendant ..... 1
II. FEDERAL JURISDICTION AND VENUE ..... 1
III. TRIAL LENGTH ..... 1
IV. JURY TRIAL ..... 1
V. ADMITTED FACTS THAT REQUIRE NO PROOF ..... 2
VI. STIPULATED FACTS ..... 3
VII. CLAIMS AND DEFENSES TO BE PRESENTED AT TRIAL ..... 3
A. PLAINTIFF ..... 3
1. CLAIMS ..... 3
2. ELEMENTS ..... 3
3. KEY EVIDENCE ..... 4
B. DEFENDANT ..... 9
1. AFFIRMATIVE DEFENSES ..... 9
2. ELEMENTS ..... 10
3. KEY EVIDENCE ..... 10
VIII. REMAINING ISSUES TO BE TRIED ..... 13
IX. DISCOVERY ..... 13
X. F.R. CIV. P. 26(A)(3) DISCLOSURES ..... 13
XI. WITNESS LISTS ..... 13
XII. CONTEMPLATED MOTIONS ..... 13
XIII. BIFURCATION OF ISSUES ..... 14
XIV. FINAL PRETRIAL CONFERENCE ORDER ..... 14

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Following pretrial proceedings, pursuant to F.R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

**1. The Parties Are:**

**a.** Plaintiff – Shuthima Pongsai

**b.** Defendant – American Express National Bank, sued as American Express Company

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are Pongsai's First Amended Complaint (ECF No. 15) and AMEX's Amended Answer to the First Amended Complaint (ECF No. 52) which were timely filed.

**2. Federal jurisdiction and venue are invoked upon the grounds:**

Pongsai, an alleged victim of identity theft, asserts that AMEX violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"); and, California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA") by reporting a fraudulent debt to Pongsai's credit report.

The parties agree this Court has federal question jurisdiction as the case is currently postured. Should the FCRA claim be summarily dismissed, American Express contends this Court may not have federal question jurisdiction.

**3. The trial is estimated to take four trial days.**

**4. The trial is to be a jury trial.** At least seven (7) days prior to the trial date the parties shall file and serve by e-mail, fax, or personal delivery: (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

5. **The following facts are admitted and require no proof:**

a. An account was opened with AMEX on May 10, 2016 in the name of Satit Pongsai (the "Account").

b. The application associated with the Account contained Pongsai's date of birth and social security number.

c. Michael & Associates filed a Collection Action regarding the Account.

d. ARSI retained Michael & Associates, P.C. as their counsel for the Collection Action.

e. Pongsai sent a written dispute dated May 24, 2019 to AMEX.

f. American Express responded to Pongsai's dispute on June 16, 2019.

g. Pongsai retained counsel for this action on June 5, 2019.

h. Pongsai submitted indirect disputes dated June 12, 2019 to Equifax; Experian; and, Trans Union regarding the reporting of the Account to her credit report.

i. AMEX responded to Experian's ACDV on July 8, 2019.

j. AMEX responded to Trans Union's ACDV on July 11, 2019.

k. Pongsai submitted indirect disputes dated August 22, 2019 to Equifax; Experian; and, Trans Union regarding the reporting of the Account to her credit report.

l. AMEX responded to Trans Union's ACDV on September 10, 2019.

m. AMEX responded to Experian's ACDV on September 27, 2019.

n. Each of AMEX's ACDV responses included the code "XB."

o. An "XB" code means there is an ongoing direct investigation.

p. Equifax deleted the Account from Pongsai's credit report after receiving AMEX's ACDV.

**6. The following facts, though stipulated, shall be without prejudice to any evidentiary objection**: None.

**7.** The parties intend to present the following claims and defenses at trial.

**Plaintiff:**

**a. Pongsai plans to pursue the following claim against AMEX:**

**Claim 1:** AMEX violated the FCRA.

**Claim 2:** AMEX violated the CCCRAA.

**b. The elements required to establish Pongsai's claims are:**

**Claim 1: FCRA**

i. AMEX is a "furnisher."

ii. AMEX reported the Account to the credit bureaus.

iii. Pongsai disputed AMEX's tradeline.

iv. AMEX verified the tradeline.

v. The information reported to the credit bureaus was inaccurate.

vi. AMEX failed to conduct a reasonable investigation.

**Claim 2: CCCRAA**

i. AMEX is a "person" as defined by Cal. Civ. Code § 1785.3(j).

ii. AMEX reported information regarding Pongsai to a "Consumer Credit Reporting Agency" as defined by Cal. Civ. Code § 1788.2(k).

iii. The information AMEX reported was inaccurate.

iv. Pongsai was harmed by AMEX's inaccurate reporting.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

v. AMEX knew or should have known the information it reported was inaccurate in violation of Cal. Civ. Code § 1785.25(a).

c. **In brief, the key evidence Pongsai relies on for each of the claims is:**

| **FCRA** | |
|---|---|
| **CLAIM** | **EVIDENCE** |
| 1. AMEX is a "furnisher." | Testimony of Pongsai; Rungrat Malee; Annikka Burns; Kathleen Haggerty; Evan Hendricks; John Ulzheimer.<br><br>Pongsai's credit reports<br><br>Pongsai's direct disputes to AMEX<br><br>Pongsai's indirect disputes to AMEX<br><br>AMEX's results from the disputes<br><br>AMEX's Answer<br><br>AMEX's discovery responses |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 2. AMEX reported the Account to the credit bureaus. | Testimony of Pongsai; Malee; Burns; Haggerty; Hendricks; Ulzheimer; Blackwell<br><br>Pongsai's credit reports<br><br>Pongsai's direct disputes to AMEX<br><br>Pongsai's indirect disputes to AMEX<br><br>AMEX's results from the disputes<br><br>AMEX's Answer<br><br>AMEX's discovery responses |
| 3. Pongsai disputed AMEX's tradeline with each of the three credit bureaus, Equifax; Experian; and, Trans Union. | Testimony of Pongsai; Malee; Burns; Haggerty; Hendricks; Ulzheimer; Blackwell<br><br>Pongsai's indirect disputes to AMEX<br><br>AMEX's results from the disputes<br><br>AMEX's Answer<br><br>AMEX's discovery responses<br><br>AMEX account notes |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 4. AMEX verified the tradeline with each of the credit bureaus. | Testimony of Pongsai; Malee; Burns; Haggerty; Hendricks; Ulzheimer.<br><br>Pongsai's August 2019 indirect disputes to AMEX<br><br>AMEX's results from the disputes<br><br>AMEX's Answer<br><br>AMEX's discovery responses<br><br>ACDVs<br><br>AMEX account notes |
| 5. The information reported to the credit bureaus was inaccurate. | Testimony of Pongsai; Malee; Burns; Haggerty; Hendricks; Ulzheimer; Blackwell; Brown<br><br>Pongsai's direct disputes to AMEX<br><br>Pongsai's indirect disputes to AMEX<br><br>AMEX discovery responses<br><br>Collection Action documents<br><br>Documents produced by Bank of America in response to AMEX's subpoena<br><br>AMEX account notes |

| | |
|---|---|
| 5. AMEX failed to conduct a reasonable investigation. | Testimony of Burns; Haggerty; Hendricks; Ulzheimer; Blackwell<br><br>Declaration of Jessica Xu |

| CCCRAA | |
|---|---|
| **CLAIM** | **EVIDENCE** |
| 1. AMEX is a "person" as defined by Cal. Civ. Code § 1785.3(j). | AMEX's Answer |
| 2. AMEX reported information regarding Pongsai to a "Consumer Credit Reporting Agency" as defined by Cal. Civ. Code § 1788.2(k). | Testimony of Pongsai; Malee; Burns; Haggerty; Hendricks; Ulzheimer; Blackwell<br><br>Pongsai's credit reports<br><br>Pongsai's direct disputes to AMEX<br><br>Pongsai's indirect disputes to AMEX<br><br>AMEX's results from the disputes<br><br>AMEX's Answer |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 3. The information AMEX reported was inaccurate. | Testimony of Pongsai; Malee; Burns; Haggerty; Hendricks; Ulzheimer; Blackwell; and, Brown<br><br>Pongsai's direct disputes to AMEX<br><br>Pongsai's indirect disputes to AMEX<br><br>AMEX discovery responses<br><br>Collection Action documents<br><br>Documents produced by Bank of America in response to AMEX's subpoena<br><br>AMEX account notes |
| 4. Pongsai was harmed by AMEX's inaccurate reporting. | Testimony of Pongsai; Malee; Hendricks |
| 5. AMEX knew or should have known the information it reported was inaccurate in violation of Cal. Civ. Code § 1785.25(a). | Testimony of Pongsai; Malee; Burns; Haggerty; Hendricks; Ulzheimer; Blackwell; Brown<br><br>Pongsai's direct disputes to AMEX<br><br>Pongsai's indirect disputes to AMEX<br><br>AMEX discovery responses<br><br>AMEX account notes |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**AMEX**

**a. AMEX plans to pursue the following affirmative defenses:**

First Affirmative Defense: Plaintiff's claims are barred for failure to join necessary or indispensable parties, including Satit Pongsai.

Second Affirmative Defense: Plaintiff's [CCCRAA] claims are preempted by the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq.

Third Affirmative Defense: Plaintiff may not recover damages in this action because under the circumstances presented, that would constitute unjust enrichment, as Plaintiff would profit at AMEX's expense.

Fourth Affirmative Defense: Plaintiff may not recover against AMEX because the injuries and damages alleged in the Complaint, if any, were not proximately caused by or contributed to by the acts of AMEX.

Fifth Affirmative Defense: Plaintiff lacks standing to sue AMEX for the damages alleged in the Complaint because Plaintiff's alleged injuries, if any, are not fairly traceable to AMEX.

Sixth Affirmative Defense: Plaintiff's damages were proximately caused or contributed to by the negligence of Plaintiff or Plaintiff's agent, employee, or assign in that Plaintiff, or her agent, employee or assign, failed to exercise ordinary, reasonable case and caution regarding the debt and AMEX account alleged in the Complaint which negligence bars recovery and/or reduced Plaintiff's recovery in proportion to the percentage of Plaintiff's or her agent's, employee's or assign's negligence and fault.

**b. The elements required to establish AMEX's claims are:**

**c. In brief, the key evidence AMEX relies on for each of its affirmative defenses is:**

Evidence in Support of Affirmative Defense No. 1:

- The American Express credit card at issue was opened using Plaintiff's date of birth and social security number. (Plaintiff's testimony; AMEX application)
- The name on the application was Satit Pongsai. (AMEX application)
- Plaintiff was married to Satit's father from 1998 to 2009. (Plaintiff's testimony)
- Plaintiff currently lives with Satit's father. (Plaintiff's testimony)
- Plaintiff lived with Satit from 1999 to 2001. (Plaintiff's testimony)
- Plaintiff and Satit's names were associated with the same social security number and their accounts were commingled in the credit bureau system.
- Plaintiff never filed a police report against Satit or provided an identity theft report. (Plaintiff's testimony)

Evidence in Support of Affirmative Defense No. 2:

- Plaintiff submitted disputes to each of the credit reporting agencies ("CRA") who, in turn, reported the dispute to American Express. (Deposition testimony of Annikka Burns and Kathleen Haggerty)
- The dispute codes all stated "belongs to another individual with same or similar name" and asked American Express

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

to confirm the complete ID. (ACDVs; Deposition testimony of Haggerty and Evan Hendricks; Expert report of John Ulzheimer)

- American Express conducted an investigation by reviewing the ACDV and verifying the accuracy of the data in compliance with FCRA. (ACDVs; Haggerty's testimony; Ulzheimer's report)
- American Express verified the information in the ACDV as accurate as it appeared in its records. (ACDVs; Deposition testimony of Haggerty; Ulzheimer's report)
- American Express conducted a reasonable investigation and determined that the date of birth and social security number and complete ID were the same as in its system. (ACDVs; Haggerty's testimony; Ulzheimer's report)
- American Express included a compliance condition code on all ACDV responses which indicated to the CRAs that there was an ongoing direct investigation and the CRAs would not include the disputed trade line in their credit reporting. (Hendricks' testimony)
- Plaintiff's credit score was not damaged by American Express's reporting. (Hendricks' testimony)
- American Express was not at fault for the original co-mingling of Satit and Plaintiff's names when the American Express account was opened and Experian was used for the credit inquiry. Had American Express been notified of the discrepancy by Experian, this whole situation could have been avoided. (Hendricks' testimony)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- American Express reasonably and timely responded to all disputed lodged by Plaintiff. (Ulzheimer's report)

Evidence in Support of Affirmative Defense No. 3:

- Plaintiff has not suffered any pecuniary damages. (Plaintiff's testimony and discovery responses)
- Plaintiff has not received medical treatment or taken any prescription medication for her alleged emotional distress damages. (Plaintiff's testimony)
- Plaintiff has not been denied insurance, an automobile loan, employment or credit as a result of American Express's alleged actions. (Plaintiff's testimony)
- Plaintiff's credit score has not decreased. (Hendricks' testimony)
- Plaintiff has not missed time at work. (Plaintiff's testimony)

Evidence in Support of Affirmative Defense No. 4:

- Plaintiff admits her claimed emotional distress occurred before the events relative to her claims against AMEX.
- Plaintiff admits her claimed emotional distress greatly improved once she retained her attorney.

(Plaintiff's testimony and discovery responses)

Evidence in Support of Affirmative Defense No. 5:

- Plaintiff has not been denied credit.
- Plaintiff has not lost income.
- Plaintiff has not been denied a loan or insurance.
- Plaintiff's credit score has not been affected.
- Plaintiff has not seen a doctor for any alleged emotional distress.

- Plaintiff admits her claimed emotional distress occurred before the events relative to her claims against AMEX.
- Plaintiff admits her claimed emotional distress greatly improved once she retained her attorney.

(Plaintiff's testimony and discovery responses)

**8. In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:**

**a.** Whether AMEX's investigation of Pongsai's indirect disputes was reasonable;

**b.** Whether Pongsai suffered any actual damages;

**c.** The amount of Pongsai's actual damages, if any;

**d.** Whether punitive damages are properly asserted; and

**e.** The amount of punitive damages to be awarded.

**9. Discovery is complete.**

**10. All disclosures under F.R.Civ.P. 26(a)(3) have been made.**

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial.

**11. Witness lists of the parties have been filed with the Court.**

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

**12. The following law and motion matters and motions in limine, and no others, are pending or contemplated:**

Cross-Motions for Summary Judgment;

Pongsai's Motion in Limine 1; and,

AMEX's Motions in Limine 1-4.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**13. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the court of the trial of this cause, unless modified to prevent manifest injustice.**

Dated: April 1, 2021

David O. Carter

UNITED STATES DISTRICT COURT JUDGE

Approved as to form and content.

/s/ Matthew M. Loker, Esq.
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

/s/ Laura Booth, Esq.
LAURA BOOTH, ESQ.
ATTORNEY FOR DEFENDANT

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## CERTIFICATE OF SERVICE

A copy of the foregoing *Final Pretrial Conference Order* has been filed on October 15, 2020, through the Court's electronic filing system. All parties may access the foregoing via the Court's electronic filing system.

___/s/ Matthew M. Loker___

Matthew M. Loker