**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHUTHIMA PONGSAI, | No.   21-55652 |
| Plaintiff-Appellant, | D.C. No. 8:19-cv-01628-DOC-JDE |
| v. | |
| AMERICAN EXPRESS COMPANY, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted June 8, 2022
Pasadena, California

Before:  M. SMITH, BADE, and VANDYKE, Circuit Judges.

Following a jury verdict for Defendants, Plaintiff Shuthima Pongsai timely

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

appeals. She requests a new trial, challenging several evidentiary rulings, including a ruling related to the district court's final pretrial order. We review the district court's evidentiary rulings for an abuse of discretion. *Wagner v. County of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013). We consider whether the court's rulings, including any ruling related to the final pretrial order, prejudiced Pongsai.[1] *Id*. (discussing evidentiary rulings); *see also United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981) (discussing modification of a pretrial order). We affirm because Pongsai has failed to establish prejudice.

Pongsai claims that the final pretrial order indicated that certain exhibits would be admitted at trial. She argues that she was prejudiced by the district court's rulings related to the pretrial order and excluding those exhibits because she was unprepared to offer other evidence in support of the verification element of her Fair Credit Reporting Act claim. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153–55 (9th Cir. 2009) (discussing the duties the Fair Credit Reporting Act imposes on sources that provide credit information).

Even if the district court's challenged rulings were an abuse of discretion, which we do not decide, any potential error did not prejudice Pongsai to the degree necessary to warrant reversal. *See United States v. 4.85 Acres of Land*, 546 F.3d

---

[1] Consequently, we need not address American Express's argument that Pongsai waived her arguments by raising them for the first time on appeal. *See Jovanovich v. United States*, 813 F.2d 1035, 1037 (9th Cir. 1987).

613, 617 (9th Cir. 2008) ("To reverse a jury verdict for evidentiary error, we must find that the trial court abused its discretion in a manner that prejudiced the appealing party."); *cf. First Nat'l Bank of Circle*, 652 F.2d at 887 (stating that when the district court "departs substantially from the order to the prejudice of a party without exercise of its discretion informed by consideration of the relevant factors, the judgment must be reversed").

Pongsai asserts that the jury's inquiry about the relevant exhibits shows that the district court's rulings were prejudicial. We are not persuaded by this argument because the substance of these exhibits was before the jury pursuant to the parties' stipulation. Additionally, in response to the jury's question, the district court reminded the jury that, while the exhibits at issue were not in evidence, one of Pongsai's witnesses had testified "about these documents based on her impressions of these documents." Moreover, in the final pretrial order, Pongsai did not specifically identify the exhibits at issue as support for the verification element. Further, the record reflects that, in addition to the stipulation regarding the challenged exhibits, Pongsai presented other evidence to support the verification element of her claim.

Pongsai further argues that the district court's rulings were prejudicial because the Fair Credit Reporting Act's "verification element was not identified as an issue for the jury to decide in the Parties' Amended [Final Pretrial Order]." The

record, however, indicates that Pongsai was aware that American Express's investigation of her claim was at issue, and Pongsai's briefing on the reasonableness of the investigation focuses on American Express's verification of the fraudulent debt. In short, the district court's rulings did not prejudice Pongsai.

**AFFIRMED.**